TOM YOUNG v. THE STATE.

No. 9895.  Delivered February 17, 1926.

Rehearing denied April 7, 1926.

**1.—Murder—Evidence—On Former Trial—Rule Stated.**

Where, on a trial for murder, appellant introduced a part of the testimony given on the examining trial by the witness Roy Beckham, in an effort to show that witness on the examining trial gave no testimony as to any cursing. The state was then properly permitted to introduce all of the evidence of witness on said trial. It is a well settled rule of evidence that where one party introduces a part of a document, the other has the right to introduce the remainder, and there was no error in permitting the state to introduce the remainder of the witness Beckham's testimony, given on the examining trial.

**2.—Same—Misconduct of Jury—Rule Stated.**

Where the misconduct of the jury is set up in the motion for a new trial, and on the hearing of the motion evidence is heard on the issue, the action of the court in passing upon the matter will not be held subject to review, unless there is shown clearly an abuse of the discretion of the trial court in the matter.

ON REHEARING.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

On rehearing appellant insists that the court erred in permitting the state to introduce all of the testimony given by a witness on the examining trial, after he had introduced a part of it for impeaching purposes, to contradict the testimony of the witness given on the trial. Appellant does not present to the court by specific objection just what part of said testimony was introduced by him nor the part that was introduced by the state, over his objection, and for this reason we are not able to single out that part deemed objectionable, and to appraise the weight of the objection, and no error is presented.

Appeal from the District Court of Grimes County. Tried below before the Hon. Carl T. Hooper, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*S. W. Dean* of Navasota, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder in District Court of Grimes County, with punishment fixed at ten years in the penitentiary.

We find in the transcript no bills of exception. In the statement of facts there appear several notations of objections to testimony without anything to evidence the fact that an exception was taken save in one instance. Appellant offered in evidence the examining trial testimony of one Roy Beckham for impeachment purposes, claiming that said Beckham had not testified in preliminary trial to anything relative to cursing, and that he desired to introduce that part of the testimony taken down in the examining trial which showed that said Beckham had not testified anything about cursing. The state thereupon offered all of said examining trial testimony. Appellant's counsel stated that they objected to it except for impeachment purposes. The State contended that if one party introduced part of a document the other had a right to introduce the remainder.

Appellant's counsel stated that they objected because this was the testimony had at a former trial of the case, a portion of which was introduced for impeachment purposes, and the remainder did not thereby become admissible.  The court overruled the objection and it is stated that to this the appellant excepted.

It becomes evident from the above that appellant introduced the examining trial testimony for the purpose of showing that Beckham did not testify to certain things upon said trial.  We are at a loss to know how he could establish the fact that said witness did not so testify, except by the introduction of all his examining trial testimony.  Appellant could only make his proposed proof by a process of exclusion, and without the introduction of all the testimony of the witness Beckham so given at the examining trial, we cannot see how he could satisfactorily show that said witness had not testified regarding cursing.  The record wholly fails to show what part of the examining trial testimony appellant offered or introduced, and in this condition we cannot appraise the injury, if any, of the introduction of all the testimony.  With the exception of the above, we find nothing in the statement of the facts introduced on the trial of the case which could in any way be construed as a bill of exceptions.

In his motion for new trial appellant sets up misconduct of the jury in that they discussed in their retirement certain matters.  The court heard evidence on this point and overruled the motion.  We think the record discloses no abuse of the discretion of the trial court in the matter.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant takes issue with our holding that no error was shown in admitting all the examining trial evidence of Roy Beckham.  Reverting to what took place as shown by the record in this regard, we note that appellant's counsel said:  "We desire to introduce the examining trial testimony of Roy Beckham for impeachment purposes.  In the first place, he don't say anything about Tom cursing, and then on the point that I specially asked him about.  I just want to introduce that part showing that he didn't testify anything about any cursing."  The state's attorney then said:  "We introduce all of it."  Appellant's counsel said:  "We object to it except

for impeachment purposes. I just introduced it to show he didn't testify about any cursing." This objection was overruled, and it is stated that to this appellant excepted. We are compelled to again confess that we are unable to see or know what particular part of said testimony of Beckham appellant offered in the first place, or what part he objected to; nor how he could expect to show the jury that Roy Beckham while a witness in the examining trial had not sworn that appellant cursed—save by putting before the jury all that Beckham did testify at that time, and thus letting them see that in his testimony there was no reference to cursing. The learned trial judge allowed all the examining trial testimony to go to the jury. If any error was thus committed the attention of this court should be called to same by some specific objection so that we might be able to single out that part deemed objectionable and to appraise the weight of the objection.

It is true the testimony in this case was contradictory, that of the state making out a case of guilt, and that of the defendant a case of self-defense. It is the province of the jury to reconcile conflicts in the testimony, and unless we are confronted with a case wherein the testimony of the state is so weak, or that for the defendant so overwhelming as to make not likely the fact that the jury gave the case fair and impartial consideration, we would not disturb the verdict. Not being able to believe that this is such a case, the motion for rehearing is overruled.

*Overruled.*